McKinney, J.
delivered the opinion of the court.
This is an action of ejectment. The lessors of the plaintiff recovered, and the defendants prosecuted an appeal in error to this court.
It appears from the bill of exceptions in the record, that the tract of land described in the declaration was levied on and sold as the property of Henry Helms, the plaintiff in error, to satisfy a judgment obtained against him in the circuit court of Jefferson county.
The levy was made by a deputy sheriff of said county of Jefferson, and was endorsed on the back of the execution. It is as follows: “ Came to hand the 23d April, 1841. Levied this execution on one tract of land adjoining the lands of Jas. McDondel, Thos, Cannon and others, *45 containing one hundred and sixty acres. The personal property claimed by others. June the 14th, 1841.”
Thos. Denson, D. S.
In the original endorsement of the levy, on the back of the execution, instead of Thos. Cannon, the name of Thos. Campbell was written, but a line has been drawn across the surname “Campbell,” and “Cannon” interlined. The notice given to the defendant in the execution, Henry Helms, who was in possession, pursuant to the act of 1799, ch. 14, describes the land levied on and to be sold, as “adjoining the lands of Jas. McDaniel, Thomas Campbell and others.”
The sale of said land was made by said deputy sheriff, on the 16th day of August, 1841. James M. Campbell, one of the plaintiffs in the execution, became the purchaser, at the price of two hundred and fifty-nine dollars and eighty-five cents. And on the 14th day of June, 1842, B. F. Newman, high sheriff of Jefferson county, pursuant to the written order and direction of said Campbell conveyed said tract of land to the lessors of the plaintiff, under which conveyance they claim title to the same. The sheriff’s deed describes said tract of land by metes and bounds, and as lying in Jefferson county, adjoining the lands of James McDonald, and Thomas Cannon.
For the plaintiff in error it is insisted, that the levy is void for uncertainty; and likewise that the sale is void, because of the discrepancy between the description of the location of the lands in the notice, and the levy and also in the sheriff’s deed.
The defendant’s counsel contend, that the defects of the levy are cured by the full and accurate description of the land contained in the sheriff’s deed; and for *46 this they rely on case of Parker vs. Swan, 1 Hump. 80, 84; Vance vs. McNairy, 3 Yerg. 177, and other decisions of this court, asserting the same general principle.
In the cases cited from 1 Hump, and 3 Yerg., the principle is established that a defective description of the land levied on, in the sheriff’s return of levy, may, in some cases, be cured by a full and accurate description in the sheriff’s deed. This principle, it may be remarked, has been extended in these cases, quite as far' as we deem it safe to go. But, adhering to the authority of these cases, as the settled law, it will be found that the doctrine maintained by the court does not at all support the argument of the defendant’s counsel in the present case. In the case of Parker vs. Swan, the sale was supported, because, say the court, “the title does not rest” alone “upon the description in the levy, but the deed follows, and defines the locality of the land with sufficient precision. All that is necessary in the levy is some general description, that will, by reasonable intendment, connect it with the sale and deed, so that a tract of land different from the one levied on may not be sold and conveyed.” In the case of Vance vs. McNairy, which asserts the same doctrine, the title of the purchaser was sustained, because, “the levy so describes the land as to distinguish it from all others.”
In the case of Gibbs vs. Thompson, 7 Hump. 181, in referring to the several previous decisions upon this subject, the court say, there are two principles upon which those cases taken together rest. First, that purchasers must have the means of knowing what land is to be sold, so as to form some estimate of its value. Second, that there must be such ascertainment, by descrip *47 tion, of identity, as shall prevent one piece of land from being levied on, and a distinct piece conveyed. The levy in the present case is less certain and definite in its description of the locality and identity of the land than in any of the cases referred to. The only means of ascertaining its location, is by reference to the locality of the lands of the persons it is described as adjoining.
If this description, vague and uncertain as it is, were correct, and followed by a sheriff’s deed, corresponding with such imperfect description, and supplying its defects by a full and accurate description of the premises, the title of the lessors of the plaintiff might, perhaps, be held good. But, in this case, the description in the deed, so far from corresponding with the description in the levy, is inconsistent with, and repugnant to it. The names McDondel and McDonald are as variant in sound as they are in spelling; and must be regarded as designating wholly different persons. And, therefore, in legal intendment, the land conveyed in the deed is not the land levied on. And if the parol evidence be resorted to, it appears that the description in the levy is untrue, as the land levied on did not adjoin that of any one of the name of “ McDondel.” In this case there is the less ground for presuming any thing in favor of the title set up under the sheriff’s deed, inasmuch as the officer making the deed, is not the person who made the levy and sale; nor are the persons to whom the deed was made, the purchasers at the sale; and the deed was not executed until near two years after the sale. These considerations exclude all presumption of personal knowledge of the facts, on the part of either of the parties to the deed, if in any case, such presumption could be allowed to avail any thing.
*48 Again: The land described in the notice served on the defendant in 'execution, Henry Helms, is altogether different from that described in either the levy or deed.
In the notice, the land is stated to be situate adjoining the lands of “ James McDaniel and Thos. Campbell.” This, in judgment of law, is neither the land levied on, nor the land conveyed.
The act of 1799, ch. 14, sec. 1, directs, that, in cases where notice is required to be given, it shall be the duty of the officer levying the execution “to serve the .defendant with written notice, stating that the said execution is levied on the said land, and mentioning the time and place appointed for the sale thereof, at least twenty days previous thereto.” This provision is for the benefit of the defendant solely. It has been held, in construing this statute, that if such notice be not given, the sale will be void, 1 Yerg. 469. And it is too clear to require’ argument, that a notice containing a wholly' false, or mistaken description of the premises levied on, and to be sold, must be treated as a nullity. Upon both the foregoing grounds, therefore, we think the judgment of the circuit court is erroneous.
Judgment reversed.